## Commonwealth v. Paliescheskey

*A. Clarence Emery,* for Commonwealth; *Leonard A. Talone,* for defendant.

CORSON, J., June 19, 1931.—The defendant in this case was arrested, charged with having violated subsection (a) of section 1001, article x, and subsection (a) of section 1014, article x, of The Vehicle Code of 1929, P. L. 905. From the transcript attached to the appeal, the information charges the commission of the acts complained of on April 25, 1931, and as the information was made on May 7, 1931, the information was brought within fifteen days after the commission of the alleged offense, as provided in section 1201 of The Vehicle Code.

The defendant, after hearing, was found not guilty of violating subsection (a) of section 1001 and was found guilty of violating subsection (a) of section 1014 of the Vehicle Code. Defendant thereupon petitioned for an allowance of appeal, and, after such allowance, entered bail in the sum of twenty-five dollars as directed by this court.

At the hearing before this court, the case was heard de novo as to the defendant's alleged violation of subsection (a), section 1014. The Commonwealth charged that the defendant, driving a motor vehicle entering a highway from a private driveway, failed to yield the right of way to a vehicle approaching upon such highway. Upon the evidence in this case, the trial judge was convinced that the defendant did violate subsection (a) of section 1014 of the Vehicle Code, and upon the merits of the case the defendant must be found guilty as charged.

The defendant offered testimony, however, in an attempt to show that the information was not brought "before the nearest available magistrate," as required by section 1201 of The Vehicle Code, supra. The testimony of the plaintiff was that he had measured by automobile the distance over the roads from the scene of the commission of the offense to the offices of three nearby magistrates, and defendant sought to show that the office of the magistrate in this proceeding was almost one-half mile further than the offices of two other magistrates. Defendant admitted, however, that the road from the scene of the commission of the offense to the magistrate before whom the information was made in this case was a winding road and that it was necessary to go into Bridgeport and then take a road which is at an acute angle leading back toward the scene of the offense.

The Act of 1929 does not mean the nearest available magistrate by road unless such road is in such a direct line as to remove any doubt as to the actual distance between the two points. In proceedings of this nature, there is at least some presumption in favor of the regularity of the proceedings. The defendant in this case sought to overcome that presumption. Even if the testimony as to distance was sufficiently satisfactory to show that the justice of the peace was not the nearest magistrate, yet there is no testimony whatever that any nearer magistrates were "available." While that part of section 1201 upon which the defendant relies was upheld in an opinion filed in this court in Commonwealth v. Swartley, 46 Montg. Co. Law Repr. 23, yet in the Swartley case the evidence was conclusive that the magistrate hearing the case was not the nearest available magistrate. In the Swartley case at least two magistrates testified not only to the fact that they were located several miles nearer the scene of the offense but also to their availability at the time the information was brought. In the present case there is no such testimony, and we must assume that the magistrate before whom the information was brought was the nearest available magistrate within the meaning of section 1201.

And now, June 19, 1931, after consideration of the testimony, Adam J. Paliescheskey is found guilty of having violated subsection (a), section 1014, article x, of the Act of Assembly of 1929, P. L. 905, and he is sentenced to pay a fine of ten dollars to the Commonwealth of Pennsylvania and the costs of prosecution, and in default of payment thereof to undergo imprisonment of not more than five days in the Montgomery County Prison. If the fine and costs are paid before June 26, 1931, it will not be necessary for the defendant to appear for the formal imposition of this sentence. If, however, such fine and costs are not paid before June 26, 1931, the defendant is directed to appear at 9 A. M. in Courtroom C, on June 26, 1931, in order that sentence may then be formally imposed.                    From Aaron S. Swartz, Jr., Norristown, Pa.